WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvin Wyatt, et al., | No. CV-16-00704-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' "Motion for Fed. R. Civ. P. Rule 37(b)(2)(A) Sanctions." (Doc. 74.) Plaintiffs request that the Court strike Defendants' answer and enter default pursuant to Rule 37(b)(2)(A). (*Id.* at 2.) Defendants did not oppose Plaintiffs' request for sanctions, however, at the December 17, 2018 hearing on Plaintiffs' Motion, Defendants requested that the Court enter a less drastic sanction than requested by Plaintiffs.[1] For the following reasons, the Court will grant Plaintiffs' Motion in part as discussed within the body of this Order.

**DISCUSSION**

On February 1, 2018, Plaintiffs served Defendants with the discovery requests at issue. (Doc. 53 at 1; *see also* Doc. 40.) Defendants did not respond to the requests within the time set by the rules. Discovery closed on April 30, 2018. (Doc. 45). On July 27, 2018, after numerous attempts to obtain the discovery informally, Plaintiffs filed a Motion to Compel Discovery Responses. (Doc. 53.) Defendants did not oppose Plaintiffs Motion.

---
[1] The parties provided additional information at a telephonic hearing on December 20, 2018.

At the September 17, 2018 hearing on Plaintiffs' Motion to Compel, counsel for Defendants conceded there was no reason why the responses should not be made. Defense counsel explained that the delay was caused, in part, by the departure of a paralegal in April 2018. The Court granted Plaintiffs' Motion to Compel and also granted Plaintiffs leave to submit a request for payment of related attorney fees and costs.[2] (Doc. 69.) Thereafter, the parties agreed upon fees to be paid to Plaintiffs' counsel. (Doc. 74 at 1.) The Court subsequently granted Defendants' unopposed request for extension of time to comply with the motion to compel (Doc. 72.) Although Defendants filed an October 15, 2018 Notice of Service[3] (Doc. 73) indicating they had served their responses, the responses were not complete (*see* Doc. 74, Exs. A, B.) Instead of providing complete responses, Defendants indicated that they "Will supplement" many of the responses. (Doc. 74, Exs. A, B.)

On October 25, 2018, Plaintiffs filed the instant Motion, which Defendants did not oppose. Plaintiffs' Motion was initially set for hearing on December 6, 2018. (Docs. 75, 76.) Because defense counsel was unavailable on December 6, 2018, the hearing was reset to December 17, 2018 (Doc. 77.) Prior to the hearing, on December 13, 2018, Defendants filed a Notice of Service indicating they served their "First Supplemental Response[s]" to Plaintiffs' requests. (Doc. 80.) At the December 17, 2018 hearing, Defendants' proffered counsel's oversight as the excuse for their non-responsiveness to the instant motion for sanctions and their untimely compliance with the Court's order granting Plaintiff's motion to compel. Defendants assert the appropriate sanctions should be limited to Plaintiffs' attorney fees and costs, supplementation of the pretrial order, and supplementation of Plaintiffs' experts' opinions without objection from the defense.

The Court disagrees with Defendants. A more severe sanction is appropriate in light of Defendants' repeated failure to respond to Plaintiffs' discovery requests. Rule 37(b)(2)

---

[2] The Court also permitted Plaintiffs to supplement the proposed pretrial order once Defendants had served their responses.

[3] The Notice reflects that the service was late. The responses were due on October 12, 2018. The Notice indicates the responses were served on October 16, 2018. (Doc. 73.) Notably, the Notice was filed on October 15, 2018, which might suggest that service had not occurred as of the filing of the Notice.

of the Federal Rules of Civil Procedure provides for sanctions in cases where a party fails to comply with the court's order compelling discovery. Under Rule 37(b)(2), the court may in its discretion impose appropriate sanctions, including: (i) the establishment of designated facts; (ii) preclusion of supporting or opposing claims or defenses, or introduction of evidence[4]; (iii) striking pleadings; (iv) staying proceedings until the order is obeyed; (v) dismissing the action or proceeding or any part thereof; (vi) rendering a judgment by default against the disobedient party; or (vii) a finding of contempt. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii); *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). The rule also provides for the payment of expenses related to the failure. Fed. R. Civ. P. 37(b)(2)(C).

Here, the Court finds that partial default—in the form of legal conclusion related to the subject matter of the discovery at issue—is appropriate. The delayed responses pertained to the purported basis for Defendant Sherman's stop of a vehicle near Plaintiffs' home that ultimately led to the detention of Plaintiffs outside their home. Therefore, the Court will preclude Defendants from offering a justification for the stop of the subject vehicle and will instruct the jury that the stop was not supported by reasonable suspicion. The sanction is supported by consideration of the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Dreith v. Nu Image, Inc.,* 648 F.3d 779, 788 (9th Cir. 2011) (internal quotation marks and citation omitted). *See also Henry v. Gill Indus.* 983 F.2d 943, 946 (9th Cir. 1993) ("Where the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith.")..

"Where a court order is violated, the first and second factors . . . favor sanctions and the fourth . . . cut[s] against them." *Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112,

---

[4] In its Order setting the instant Motion for hearing, the Court advised the parties that it was considering the imposition of sanctions including entry of default judgment or precluding introduction of evidence related to the outstanding discovery requests. (*See* doc. 75.)

- 3 -

(9th Cir. 2004). Therefore, the Court focuses on the third and fifth factors. As to third factor of prejudice, "[f]ailure to produce documents as ordered . . . is considered sufficient prejudice." *Id.* at 1116 (internal quotation marks and citation omitted). Further, "[b]elated compliance with discovery orders does not preclude the imposition of sanctions. Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts." *Payne v. Exxon Corp.,* 121 F.3d 503, 508 (9th Cir. 1997) (internal quotation marks and citation omitted). The tardy discovery responses were served after close of discovery, after expert disclosure, after the filing of the pretrial order, and just over a month before trial. Plaintiffs were therefore deprived of a meaningful opportunity to follow up on that information or to fully incorporate it into their litigation strategy.

As to the availability of less drastic sanctions, Plaintiffs assert that preclusion of the responses is not an effective sanction because the responses are more helpful to Plaintiffs and not helpful to the Defendants. Moreover, less drastic sanctions appear meaningless. The Court's entry of an order compelling Defendants to serve the responses, an extension of time to comply with that order, and the award of fees to Plaintiffs did not achieve Defendants compliance.

Defendants' argument that that the imposition of sanctions penalizes the individual defendants for counsel's conduct is not persuasive on the instant facts. "In recognizing the relative hardship upon [the individual Defendants] . . . as distinguished from counsel, it must be kept in mind that district courts cannot function efficiently unless they can effectively require compliance with reasonable rules. Absence of meaningful power to require that compliance would make for disorder and preclude effective judicial administration at the trial court level." *Chism v. Nat'l Heritage Life Ins. Co.,* 637 F.2d 1328, (9th Cir. 1981), *overruled on other grounds by Bryant v. Ford Motor Co.,* 844 F.2d 602 (9th Cir.1987).[5] While "the degree of a plaintiff's personal responsibility for

---

[5] *Bryant was ultimately vacated by* 886 F.2d 1526 (9th Cir. 1989). The *Bryant* line of cases concerned *Chism's* holding regarding Doe defendants which is not at issue here. *See Byrant,* 886 F.2d at 1533 n.9.

- 4 -

1  malfeasance is relevant to the propriety of dismissal[,]" *Malone v. U.S. Postal Service,* 833 F.2d 128, 134 (9th Cir. 1987), in light of the continued non-responsiveness until the eleventh hour, a partial default is appropriate. Thus, the Court will preclude Defendants from introducing the untimely disclosure and will instruct the jurors that Officer Sherman lacked reasonable suspicion to stop the vehicle in front of Plaintiffs' house. Plaintiffs may elect to whether to introduce or use the late provided disclosure. The Court will further order Plaintiffs be compensated for costs associated with the motion.

For the foregoing reasons,

IT IS ORDERED that Plaintiffs' "Motion for Fed. R. Civ. P. Rule 37(b)(2)(A) Sanctions" (Doc. 74) is GRANTED as stated in this Order.

IT IS FURTHER ORDERED that Plaintiffs are entitled to costs and attorney fees associated with the motion (Doc. 74) and may submit an application in support thereof.

Dated this 17th day of January, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge