**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvin Wyatt, et al., | No. CV-16-00704-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion in Limine #1. (Doc. 88.) Plaintiffs request that the Court preclude Defendants from introducing evidence and argument contradicting the admission of each of Plaintiffs' February 1, 2018 Requests for Admission (RFA) by Defendants.[1] Defendants oppose the motion in part. (Doc. 105.) At the final pretrial conference on January 17, 2019, the Court granted the motion in part, denied it in part, and reserved ruling as to RFA 8, 16, 17, 22, 23, 26, 27, 35 and 38. As to these RFA, the Court will grant the motion.

**Factual Background**

The RFA were served on Defendants on February 1, 2018. (Doc. 88, Ex. 1 at 11.) Defendants' responses were due 30 days after date of service. Fed. R. Civ. P. 36(a)(3). On March 8, 2018, on Defendants' request, the parties agreed to an extension until March 12, 2018. (Doc. 53-4 at 13.) No responses were forthcoming despite Plaintiffs' email inquiries about responses to outstanding discovery requests. (*See* Doc. 53-4.) Discovery closed

---
[1] Plaintiffs' RFA are attached as Exhibit 1 to Plaintiffs' Motion in Limine #1. (Doc. 88-1.)

April 30, 2018. (Doc. 45.) On June 7, 2018, the day the parties attended an unsuccessful settlement conference, Plaintiffs' counsel sent an email to defense counsel stating that the RFA "are deemed admitted." (Doc. 53-4, Ex. D.) Defendants did not respond to the RFA. In Defendants' response to the instant motion in limine, they indicate their responses to most of the RFA.

At the January 17, 2019 final pretrial conference, counsel for Defendants explained that the failure to respond to Plaintiffs' RFA was the fault of his office and not Defendants, and that he is unable to provide a better explanation for the oversight. Defense counsel conceded that his explanation does not constitute excusable neglect.[2]

**Discussion**

Because Defendants did not respond to Plaintiffs' RFA, the RFA are automatically deemed admitted under Rule 36(a)(3). *See* Fed. R. Civ. P. 36(a)(3) (a matter is deemed admitted unless, within 30 days after service of the request, the party to whom the request is directed serves a written answer or objection). "Any matter thus admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *see also* Rule 36(b). Rule 36(b) provides in pertinent part:

> Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). Rule 36(b) permits the district court to exercise discretion to grant relief from an admission made under Rule 36(a) only when: "(1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (internal quotation marks and citation omitted).

---

[2] The Court has previously entered orders granting Plaintiffs' motion to compel Defendants' responses to other discovery requests and granting Plaintiffs' motion for sanctions regarding Defendants' failure to comply with that order. Defense counsel explained that his office was at fault for the tardy responses.

The first factor "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley*, 45 F.3d at 1348. As to the second factor, "[t]he party relying on the deemed admission has the burden of proving prejudice." *Conlon,* 474 F.3d at 622.

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

*Id.* (internal quotation marks and citations omitted). The focus is on the prejudice that the nonmoving party would suffer at trial. *Id*. at 623.

A district court's failure to consider these factors constitutes an abuse of discretion. *Id.* at 625. However, even if the movant satisfies Rule 36(b), the court is not required to grant relief. *Id.* at 624–25 ("The text of Rule 36(b) is permissive."). If Rule 36(b)'s two-part test is satisfied, the court in determining whether to grant relief may also consider other factors, including whether Defendants can show good cause for the delay and whether they appear to have a strong case on the merits. *Id.* at 625. Here, the Court concludes that Defendants have not stated good cause for the failure to respond.

Upon consideration of the parties' argument and application of Rule 36(b)'s two-pronged test, the Court will grant Plaintiffs' motion to deem the RFA at issue admitted and to preclude Defendants from introducing evidence and argument contradicting the admissions. In many instances, Defendants failed to show that their deemed admission precludes any presentation of the merits of the case. In those few where it could be argued that Defendants made such a showing, the Court exercises its discretion to deem the matters admitted in light of Defendants' lack of showing of good cause for their failure to respond. Additionally, to the extent the Court has considered Defendants' response to the Plaintiffs'

//
//
//
//

motion as a request for withdrawal of admissions, the Court notes Defendants waited until the eve of trial to request such relief.

For the foregoing reasons,

IT IS ORDERED that the portion of Plaintiffs' Motion in Limine #1 (Doc. 88) taken under advisement on January 17, 2019 is GRANTED. Requests for Admission numbers 8, 16, 17, 22, 23, 26, 27, 35 and 38 are deemed admitted.

Dated this 18th day of January, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge